**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21140-CIV-ALTONAGA**

**ELVIS JOSE RODRIGUEZ**,

      Petitioner,

v.

**WARDEN, KROME NORTH SERVICE**
**PROCESSING CENTER**, *et al.*,

      Respondents.[1]

_____/

**ORDER**

**THIS CAUSE** came before the Court on Petitioner, Elvis Jose Rodriguez's Petition for

Writ of Habeas Corpus . . . [ECF No. 1], filed on February 20, 2026.  Petitioner challenges his

detention at the Krome Detention Center ("Krome") in Miami, Florida.  (*See generally id.*).

Respondent filed a Response [ECF No. 7]; to which Petitioner filed a Reply [ECF No. 8].  The

Court has reviewed the record, the parties' written submissions, and applicable law.  For the

following reasons, the Petition is denied.

**I.  BACKGROUND**

Petitioner is a Venezuelan citizen who was paroled into the United States on October 4,

2023, under the Venezuelan Humanitarian Parole program.  (*See* Pet. ¶¶ 13–14; *see also* Resp. 1).[2]

---

[1] Petitioner names several Respondents, including the Warden of Krome North Service Processing Center; Garrett Ripa, the Miami Immigration and Customs Enforcement Field Office Director; and the Secretary of the U.S. Department of Homeland Security.  (*See* Pet. ¶¶ 10–12).  According to Respondents, the only proper party is Charles Parra, Petitioner's immediate custodian at the Krome Detention Center.  (*See* Resp. 1 n. 1); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (reaffirming that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent").  Petitioner does not contest that assertion.  (*See generally* Dkt.).  Thus, the Court refers to Parra as the only Respondent.

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

CASE NO. 26-21140-CIV-ALTONAGA

On January 22, 2025, Petitioner filed a Form I-589 Application for Asylum and for Withholding of Removal with U.S. Citizenship and Immigration Services.  (*See* Pet. ¶ 15).  Petitioner's Form I-94, entitling him to remain in the country, was valid until October 2, 2025.  (*See* Pet., Ex. 3, Form I-94 Arrival/Departure R. [ECF No. 1-3]).

On October 18, 2025, the Monroe County Sheriff's Office stopped Petitioner's vehicle. (*See* Resp., Ex. 2, Decl. of Deportation Officer Rafael Ordonez [ECF No. 7-2] ¶ 8).  Later that day — upon learning that Petitioner was not in possession of valid, unexpired immigration documents — Customs and Border Patrol detained Petitioner and transferred him to Immigration and Customs Enforcement ("ICE") custody.  (*See id.* ¶¶ 8–9).  The U.S. Department of Homeland Security ("DHS") initiated removal proceedings on October 29, 2025.  (*See* Resp. 2).

Petitioner's request for parole from ICE Enforcement and Removal Operations was denied on November 12, 2025.  (*See id.*).  On January 22, 2026, an Immigration Judge ("IJ") denied Petitioner's request for custody redetermination for lack of jurisdiction.  (*See id.*; *see also* Pet. ¶ 20).  Petitioner remains detained at Krome.  (*See* Pet. ¶ 22; *see also* Resp. 2).

On February 20, 2026, Petitioner filed his Petition, asserting three claims for relief.  (*See generally* Pet.).  In Count I, Petitioner alleges his continued detention paired with "[t]he absence of any meaningful custody review violates procedural due process."  (*Id.* ¶ 30 (alteration added)). In Count II, Petitioner similarly alleges "[d]etention without individualized assessment during ongoing removal proceedings is constitutionally impermissible."  (*Id.* ¶ 34 (alteration added)).  In Count III, Petitioner alleges "detention based solely on Petitioner's classification as an 'arriving alien[]' . . . without access to neutral review is arbitrary and inconsistent with fundamental due process principles."  (*Id.* ¶¶ 36–37 (alterations added)).

Respondent argues Petitioner is subject to mandatory detention under 8 U.S.C.

2

section 1225(b) (*see* Resp. 3–8), and the Court lacks jurisdiction to hear his claims (*see id.* 9–13). In his Reply, Petitioner contends Respondent "misframes the case" and fails to address Petitioner's constitutional arguments.  (Reply 1).

## II.  LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's habeas jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.  DISCUSSION

***Jurisdiction.***   The Court begins by addressing Respondent's jurisdictional arguments. Respondent first contends 8 U.S.C. section 1252(g) bars review of Petitioner's claims.  (*See* Resp. 9).

The Supreme Court has held section 1252(g) "applies only to three discrete actions that the Attorney General may take: her decision or action to commence proceedings, adjudicate cases, or execute removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis and quotation marks omitted).  Respondent argues the Petition "is a challenge to the decision to commence removal proceedings against [Petitioner]."  (Resp. 9 (alteration added)). Conversely, Petitioner asserts that he "challenges none of the three enumerated acts [in section 1252(g)]."  (Reply 3 (alteration added)).  Petitioner has the better argument.  In the Petition, Petitioner challenges the constitutionality of mandatory detention and lack of access to a neutral

adjudicator (s*ee* Pet. ¶¶ 26–30, 34, 36–37); not the Government's decision to commence removal proceedings.

Next, Respondent argues section 1252(b)(9) is an additional bar to the Court's review of Petitioner's claims. (*See* Resp. 10–13). This argument is similarly unavailing.

"Under [s]ection 1252(b)(9), the [c]ourts of [a]ppeals are the exclusive forum for judicial review 'of all questions of law . . . including interpretation and application of constitutional and statutory provisions, arising from any action taken . . . to remove an alien from the United States.'" *Boffill v. Field Off. Dir.*, No. 25-cv-25179, 2025 WL 3246868, at *4 (S.D. Fla. Nov. 20, 2025) (some alterations added; other alterations in original; quoting 8 U.S.C. § 1252(b)(9)). Respondent suggests Petitioner's challenge to his mandatory detention "arises from DHS's decision to commence removal proceedings" and thus technically falls within the scope of section 1252(b)(9). (Resp. 12).

The Supreme Court has previously held that such an "expansive interpretation" of the statute is not appropriate and "would lead to staggering results." *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018). Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision . . . to seek removal, or the process by which . . . removability will be determined. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (alterations in original; quotation marks omitted; quoting *Jennings*, 583 U.S. at 294–95). Petitioner's challenge does not fall into any of these categories. Thus, section 1252(b)(9) does not prevent the Court from considering the Petition. *See Boffill*,

2025 WL 3246868, at *4 (holding that section 1252(b)(9) did not "divest the Court of its jurisdiction" to hear the petitioner's challenge to his mandatory detention under section 1225(b)).

***Mandatory Detention and Due Process.*** Respondent next contends Petitioner is subject to mandatory detention under 8 U.S.C. section 1225(b)(2). (*See* Resp. 3). Petitioner concedes this point and does not challenge the Government's reliance on that statute. (*See* Reply 2 ("Petitioner does not dispute that [section] 1225(b) governs his detention." (alteration added))).[3] Instead, Petitioner argues his detention violates his due process rights under the Fifth Amendment. (*See id.*). Petitioner points specifically to his inability "to obtain review of his detention before a neutral adjudicator." (Pet. ¶ 29).

The right to due process extends to noncitizens present in the United States. *See Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (alteration added; citations and quotation marks omitted)). And yet the Supreme Court has affirmed mandatory detention during a noncitizen's removal proceedings. *See Demore v. Kim*, 538 U.S. 510 (2003). In *Demore*, the Supreme Court considered mandatory detention under section 1226(c)(1)(B) — a provision that calls for detention consistent with section 1225(b)(2). *See generally id.* The Court acknowledged "[i]n the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." *Id.* at 521 (alteration added; quotation marks omitted; quoting *Mathews v. Diaz*, 426 U.S. 67, 79–80 (1976)). And although "the Fifth Amendment entitles aliens to due process of law

---

[3] While the parties agree Petitioner's detention is governed by section 1225(b)(2), Petitioner is advised to review the undersigned's recent decision in *Puga v. Assistant Field Director, Krome North Service Processing Center*, No. 25-24535-Civ, 2025 WL 2938369 (S.D. Fla. Oct. 15, 2025). There, the undersigned held that a similarly situated petitioner's detention was instead governed by section 1226(a). *See id.* at *3–5.

in deportation proceedings . . . . this Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Id.* at 523 (alteration added; quotation marks and citation omitted).

"[T]o the extent that [Petitioner] seeks to challenge the fact of his detention on due process grounds, that avenue of attack is now foreclosed by the United States Supreme Court's decision in *Demore*[.]" *Tavares v. Decker*, No. 13-cv-20, 2013 WL 1246803, at *3 (M.D. Pa. Mar. 5, 2013) (alterations added), *report and recommendation adopted*, 2013 WL 1246802 (M.D. Pa. Mar. 26, 2013).   Petitioner makes no other allegations as to why his detention is impermissible, and the Court sees no reason to depart from the statute's clear language mandating such detention during removal proceedings.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Petitioner, Elvis Jose Rodriguez's Petition for Writ of Habeas Corpus . . . **[ECF No. 1]** is **DENIED**.  Final judgment will be entered by separate order.  The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 20th day of March, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

6